IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


LILA KAY PIERCE                                                    PLAINTIFF


        v.                          CIVIL NO. 11-5143


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                            DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Lila Kay Pierce, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

## I.      Procedural Background:

        Plaintiff protectively filed her current application for SSI on November 20, 2008, alleging an inability to work since July 1, 2005, due to diabetes, hypertension, arthritis, gout, vision problems, asthma, congestive heart failure, hyperglycemia, cardiomegaly, and a personality disorder.  (Tr. 120-123, 140, 198).  An administrative hearing was held on February 2, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 32-64).

        By written decision dated April 16, 2010, the ALJ found that during the relevant time

AO72A
(Rev. 8/82)

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20).

Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus;

hypertension; asthma; degenerative joint/disc disease; gout; vision loss; and a personality

disorder and/or anxiety/stress.  However, after reviewing all of the evidence presented, the ALJ

determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4.  (Tr. 20).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift/carry 20 pounds occasionally and 10 pounds frequently.  The claimant can sit
> for six hours and can stand/walk for six hours. She can frequently climb, balance,
> crouch, kneel, stoop and crawl.  She can frequently work overhead and handle
> and finger bilaterally.  She must avoid concentrated exposure to dust, fumes,
> gases, odors and poor ventilation. She cannot do work requiring excellent vision,
> but she can see well enough to avoid normal hazards in the work place and to
> distinguish between the shape and color of small objects such as nuts, screws and
> bolts. She can do work where interpersonal contact is incidental to the work
> performed and where the complexity of tasks is learned and performed by rote
> with few variables and little judgment required.  Supervision required is simple,
> direct, and concrete.

(Tr. 22).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work

as a power screwdriver operator, a conveyor line bakery worker, and an unskilled machine

tender.  (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

after considering additional evidence denied that request on April 14, 2011. (Tr. 1-4).

Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant

to the consent of the parties.  (Doc. 12).  Both parties have filed appeal briefs and Plaintiff filed

a Reply, and the case is now ready for decision.  (Docs. 18, 19, 20).

-2-

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

-3-

1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

III.   **Discussion:**

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in not finding Plaintiff's cardiomegaly to be a severe impairment;  2) that the ALJ improperly determined Plaintiff's RFC; and 3) that Plaintiff cannot perform the jobs identified at step five.

A.   **Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is

-4-

disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987).  The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ improperly found Plaintiff's alleged cardiomegaly[1] to be a non-severe impairment.  While the medical evidence dated prior to the alleged onset date appeared to indicate Plaintiff was diagnosed with cardiomegaly; the Court notes that after reviewing chest x-rays in January of 2009, Dr. Randy Conover, a medical consultant, noted that no cardiomegaly was present.  (Tr. 268).  The Court finds substantial evidence to support the ALJ's determination not to include cardiomegaly as a severe impairment.

### B.    The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642,

---

[1] Cardiomegaly is defined as an abnormal enlargement of the heart.  See Dorland's Illustrated Medication, Dictionary at 299, 31st Edition (2007).

-5-

646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform unskilled light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; the consultative examiners assessments; Plaintiff's subjective complaints; and her medical records. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

## C.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

Based on the record as a whole, the Court finds that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors; and that there is substantial evidence to support the ALJ's credibility findings.

-6-

      **D.**      **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a power screwdriver operator, a conveyor line bakery worker, and an unskilled machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 7th day of January, 2013.

                                          /s/ *Erin L. Setser*

                                          HON. ERIN L. SETSER
                                          UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)